UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES FAISON, Florida DOC #038634,<br><br>         Plaintiff,<br><br>vs.<br><br>THESSDUS WILLIAMS, et al.,<br><br>         Defendants. | Case No.: 3:25-cv-2148-CAB-MMP<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**<br><br>[Doc. No. 5] |

## INTRODUCTION

On August 18, 2025, Plaintiff Matthew James Faison, a prisoner confined in the state of Florida and proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). [Doc. Nos. 1, 2.] On September 9, 2025, the Court denied Plaintiff's IFP motion as barred by 28 U.S.C. § 1915(g) and dismissed the case, because more than three of Plaintiff's prior civil actions or appeals have been dismissed as frivolous, malicious, or for failing to state a claim. [*See* Doc. No. 3.] On October 14, 2025, Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). [Doc. No. 5.] As discussed below, the

Court **DENIES** the motion.

## DISCUSSION

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

As an initial matter, the Court must determine whether Plaintiff's motion is timely. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In this case, judgment was entered on September 9, 2025 and as such, any Rule 59(e) motion was due on or before October 7, 2025. While Plaintiff's motion was docketed on October 14, 2025, *pro se* prisoners are deemed to have filed a pleading or motion when they deliver their documents to prison authorities for forwarding to the clerk. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Here, date stamps on both the motion and the envelope containing it, show Plaintiff handed the document to a correctional officer for mailing via the U.S. Postal Service on October 6, 2025. [*See* Doc. No. 5 at 5.] Therefore, the motion is timely under the mailbox rule.

Plaintiff's motion, however, must be denied because he has failed to point to any newly discovered evidence, clear error, or an intervening change in law. Plaintiff appears to argue the dismissal of his case was clearly erroneous because the Court failed to give him leave to amend his complaint. [*See* Doc. No. 5 at 2–3.] He also appears to ask the Court to permit him to "add [the] state and federal government as parties." [*Id.* at 1.] But, as noted above, the case was dismissed because Plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g). A prisoner who has had three previous actions dismissed

as frivolous, malicious, or for failure to state a claim, is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In denying Plaintiff's IFP motion, the Court noted he previously had more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] [*See* Doc. No. 3 at 3.] And nowhere in his motion does Plaintiff suggest the Court clearly erred in finding he had suffered over three prior "strikes" as defined under 28 U.S.C. § 1915(g). [*See* Doc. No. 5.]

Nor has Plaintiff argued the Court erred in finding the exception to § 1915(g)'s "three-strikes rule," was inapplicable in his case. To qualify for the § 1915(g) exception, a three-strikes prisoner must allege "imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). In addition, the imminent danger exception "requires a nexus between the alleged imminent danger and a prisoner's complaint." *Id.* at 695. Nothing in Plaintiff's complaint or his Rule 59(e) motion contain any allegations from which the Court could infer he faced imminent danger at the time he filed his civil action, much less allegations showing a nexus to the claims raise in the complaint. [*See* Doc. No.

---

[1] The Court listed the following "strikes": (1) *Faison v. U.S. Middle District Court Judges, et al.*, Case No. 2:01-cv-0690-JES, Doc. No. 4 (M.D. Fla. Dec. 28, 2001) (dismissing case as frivolous); (2) *Faison v. Outlaw Penpal Assoc. Co.*, Case No. 2:05-cv-3495-UA-JC, Doc. No. 2 (C.D. Cal. May 26, 2005) (dismissing for failure to state a claim); (3) *Faison v. Library of Congress*, No. 12-16683, Doc. No. 5 (9th Cir. 2012) (dismissing appeal as frivolous); and (4) *Faison v. United States*, Case No. 2:14-cv-7152, Doc. No. 2 (C.D. Cal. Sept. 25, 2014) (dismissing for failure to state a claim). [*See* Doc. No. 3 at 3–4]. Furthermore, numerous other federal courts have also found Plaintiff subject to 28 U.S.C. § 1915(g). *See Faison v. Sperling*, Case No. 18-cv-01992-GMS-ESW, 2019 WL 783020, at *4 (D. Ariz. Feb. 21, 2019) (finding Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g) after identifying more than a dozen cases dismissed for failure to state a claim and/or as frivolous, and listing additional § 1915(g) dismissals); *see also In re Faison*, 419 F. App'x 171, 172 (3d Cir. 2011) (noting that "Faison was considered a 'three striker'" under § 1915(g)); *Faison v. Areheart, et al.*, 2:17-cv-06502-JGB-JCG, Doc. No. 4 (C.D. Cal. Sept. 27, 2017) (listing prior cases found to be "strikes" as well as prior cases which were dismissed pursuant to 28 U.S.C. § 1915(g)). [*Id.*]

5.] To the contrary, Plaintiff's complaint is focused on Defendants' alleged failure to provide him with a "bimonthly" payment of "one million dollars for providing work." [Doc. No. 1 at 6.] Therefore, Plaintiff has failed to show the denial of his IFP motion pursuant to 28 U.S.C. § 1915(g) and dismissal of his case was clear error. Plaintiff's motion to amend or alter the judgment under Rule 59(e) is **DENIED**.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Alter or Amende the Judgment pursuant to Federal Rule of Civil Procedure 59(e). The action therefore remains **DISMISSED**, and the Court again **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 28, 2025

Hon. Cathy Ann Bencivengo
United States District Judge